## Mason v. Smith and others.

Judgement by *nil dicit* having been rendered for less than by the writing appers to have been then due. The Supreme Court on a writ of error on behalf of the plaintiff, will reverse the judgement at his costs, refer to the endorsement of the original writ, and render judgement for the correct amount.

In Lawrence Circuit Court, David Mason declared in assumpsit against Thomas and Isaac Smith, and Noble R. Ladd, on their promissory note for $5,508 19, due and payable 25th December 1821. At September term, 1823, judgement by *nil dicit*, was entered against the defendants for $3,885 and the costs. The endorsement of the plaintiff's attorney on the writ of *capias*, stated the date, amount, &c. of the note, that $1,075 75 were paid on 1st January, 1822, and $774 66 on 2d March, 1822, and that the balance of the sum mentioned in the note, remained due and unpaid.

The judgement as entered being for less than by the note and credits stated thereon, appeared to be due, the plaintiff, at February term, 1825, of the Circuit Court, entered a motion to amend the entry of the judgement. At March term 1826, he discontinued this motion, and afterwards sued out a writ of error to this Court, and assigned as error, that the judgement was for $3,885, when it should have been for $4,181 62.

JANUARY 1828.

Ormond, for plaintiff.

Our first statute of *jeo fails* does not reach this case or protect the error. [a] The error proceeded from a miscalculation of the interest by the clerk. The act of 1824, [b] passed after this judgement was rendered. The cause was decided and the parties out of Court, before the law gave the remedy by motion, in the Court where the judgement was rendered; our remedy there was at least doubtful. But the parties are regularly in this Court, and as a calculation from the matters in the record, will shew the error, the fourth section of the statute of 1824, in so many words, requires this Court to order the judgement to be amended at our costs.

Hopkins, for defendants,

How can the alleged miscalculation be shewn here? The note and credits entered thereon, are not spread on the record. This Court has several times decided that the endorsement on the writ will not be looked to, for the purpose of sustaining an assignment of errors. [c] Even if it were, may not payments have been made which were entered on the note or made after the writ issued, and duly entered? The record shews that the defendants withdrew their pleas, and the plaintiff took his judgement for a certain amount. What is to be inferred from this, but that the parties, on calculation of all the payments, as well those not endorsed as those endorsed in the writ, ascertained this amount to be then due, and that the plaintiff was satisfied that he was entitled to no more, and the defendant, that he was entitled to this much? If there be an error, and the statute of 1824 gives the remedy, does it not extend to the Court below as much as to this Court? In either case, the matter to which the statute is to be applied, occurred before its enactment. Amendments of mistakes in entries may be made after judgement, and if necessary to have the other party before the Court when such order was made, a notice would effect this object. [d] The note is filed with the record of the case in the Circuit Court, and if the clerk made a mistake in the calculation, it could be there shewn much more clearly than here. Even if this Court should be of opinion that the error has occurred, must not the cause be remanded, in order that these matters may be examined in the Court below? [c]

Mason
v.
Smith.

a Laws Ala. 454.
b Acts 1824, p.17.

c See Minor's Ala.
R. 92, 100, 187,
119, 274.

d See Minor's Ala.
R. 170, 395.

c 2 Tidd's Prac.
504, 621.

JUDGE SAFFOLD delivered the opinion of the
Court.

THE note as described in the declaration, (according to the usual practice,) shews only the amount which the defendants undertook to pay. The payments or credits entered on the note cannot be ascertained without reference to the endorsement on the writ It has been the practice of this Court to refer to such endorsement to sustain, [a] but to refuse to look to it to reverse a judgment on technical or formal exceptions. But in this case, the matter assigned as error goes directly to the merits. The assignment alleges that a mistake of several hundred dollars was made in the computation, and in the judgement. Prior to the statute of 1824, "to regulate pleadings at common law," it was the uniform practice of this Court, in cases like the present, to reverse the judgement and render it here for the correct amount as shewn by the record. By the fifth section of this statute [b] it is enacted that no *cause* shall be reversed by the Supreme Court for any clerical error or misprision in calculation of interest, or other mistake of a clerk, unless the Court of original jurisdiction where the same was determined, shall upon application, refuse the amendment. But the third section of the same statute enacts, " that no *cause* shall hereafter be reversed by the Supreme Court, or any Circuit Court, for any miscalculation of interest, or other clerical misprision in entering up judgement, so as to give costs to the plaintiff in error, but in all such cases, the Supreme Court may order the judgement to be amended at the costs of the plaintiffs in error."

*a* Davis vs. Chester, Minor's Ala. R. 385.

*b* Acts 1824, p. 17.

Thus it appears, that in cases like the present, this Court may not reverse at the defendants' costs, but may order the judgement to be amended at the costs of the plaintiff in error. If the mistake here had been against the defendants, an execution might have had its effect before a session of the Circuit Court, at which a motion to amend could be heard. Then the remedy, by resorting to the Supreme Court, (as given by this section of the statute,) was not unnecessary or useless. As the amendment must be at the costs of the plaintiffs, no injury can be done to the defendant, by applying for the remedy here, rather than in the Circuit Court. We entertain no doubt that the statute authorizes it, or that is a proper case for it.

Mason
v.
Smith et al.

Let the judgement be corrected at the costs of the plaintiff.

JUDGE WHITE having been of counsel, gave no opinion.

Judgement was accordingly entered, that the judgement of the Circuit Court be annulled, and that the defendants recover against the plaintiff the costs accruing in this Court; and the Court here rendering such judgement as should have been rendered by the Court below, further consider, that the plaintiff recover against the defendants $4181 68, (the sum for which judgement should have been rendered by the Court below at their September term, 1823, being the balance of principal and interest, which appears then to have been due on the promissory note in the declaration mentioned,) and also his costs by him about his suit in said Circuit Court expended.